Thomas Hutton, Hutton & Hickey, Providence, for plaintiff.

Thomas Madonna, Providence, for defendant.

**Toni M. RIBEIRO**

v.

**John T. MONAHAN.**

**No. 86-206-Appeal.**

Supreme Court of Rhode Island.

April 23, 1987.

## OPINION

KELLEHER, Justice.

The disputants in this Family Court appeal are the unmarried parents of a three-year-old girl. The father seeks to have the daughter's surname changed from Ribeiro to Monahan. This change-in-name petition was originally considered and granted by a Family Court master. However, the mother appealed the grant, and a Family Court justice subsequently sustained her appeal.

The father bases his claim that the child share his surname on what he describes as "social custom." He acknowledges that the position he espouses might be considered "sexist in today's society" but argues that adherence to the custom is "essential to a stable society." He also claims that the best interests of the child would be met by giving him the right to have the three-year-old "carry his name" and "enable him to maintain a bond between himself and the child."

The parties acknowledge, and we agree, that there is a complete lack of legal precedent in this jurisdiction on the question presented. However, nothing in the statutes or constitutions of the United States or Rhode Island requires that a child bear a father's surname. Since the parents cannot agree on a surname for the three-year-old, she is without a surname and our task is to establish a standard that justices of the Family Court can follow in determining what is the proper surname of the particular child in question.

The traditional view at common law was that a child bore the surname of his or her father. *See In re Marriage of Schiffman*, 28 Cal.3d 640, 642–43, 169 Cal. Rptr. 918, 919–20, 620 P.2d 579, 580–81 (1980); *Secretary of the Commonwealth v. City Clerk of Lowell*, 373 Mass. 178, 189, 366 N.E.2d 717, 725 (1977). We see no necessity for giving an extensive historical review of the changes that have occurred in women's status since the days of common law by the enactment of such measures as the Married Women's Act,[1] the statutory prohibition of wage differentials based on sex,[2] or no-fault divorce legislation.[3] It is our belief that today the basis for the patrimonial control of surnames has practically disappeared. The standard to be employed in surname disputes was well stated in the *Schiffman* case, where the court observed, "The sole consideration when parents contest a surname should be the child's best interest." *Schiffman*, 28 Cal.3d at 647, 169 Cal.Rptr. at 922, 620 P.2d at 583. A similar position was taken in *Fuss v. Fuss*, 372 Mass. 64, 69, 368 N.E.2d 271, 274 (1977), and reechoed in *Lassiter-Geers v. Reichenbach*, 303 Md. 88, 95–96, 492 A.2d 303, 307 (1985). *See also* Annot. 92 A.L.R.3d 1091, 1095 (1979). Indeed, this was the approach taken by the Family Court judge when he considered, for example, the fact that the other members of the three-year-old's household are all named Ribeiro and that this is the name on the child's birth certificate as well as the name she has grown up with; he concluded, therefore, that it would not be in her best interests to change her name. We see no reason to fault the trial justice's finding.

The father's appeal is denied and dismissed, and the judgment appealed from is affirmed.[4]

---

1. General Laws 1956 (1981 Reenactment) chapter 4 of title 15.

2. General Laws 1956 (1986 Reenactment) § 28–6–18.

3. General Laws 1956 (1981 Reenactment) § 15–5–3.1.

4. This case came on show-cause hearing, but because of the novel issue presented, it was thought appropriate that the court issue this opinion.