Rogers *v.* Rogers.

1. Divorce—Motion to Take Further Testimony—Discretion of Court.

Denial of plaintiff wife's motion to take further testimony and examine defendant in divorce case after trial court had announced provisions to be embodied in decree, including custody of children, property matters, alimony and support of minor children, was within the discretion of the court and not an abuse thereof, where matters referred to in motion related to matters which had been referred to in plaintiff's testimony and defendant, although present in court, had not been called.

2. Equity—Reopening Proofs.

The failure of a party to make an additional showing by evidence known to such party at the time of the original hearing in a chancery case does not afford a good reason, for reopening proofs after decision has been made for the purpose of introducing such unused proofs.

3. Same—Reopening Proofs—Discretion of Court.

The reopening of a chancery case, in order to take additional proofs after a court has decided it, rests in the sound discretion of the court and is not a matter of right.

4. Divorce—Support of Children—Alimony—Evidence—Statutes.

Amount of support afforded wife and children involved in a suit for divorce is dependent upon proofs in the case, not

---

References for Points in Headnotes

[1–3] 53 Am Jur, Trial § 123 *et seq.*
[3] 19 Am Jur, Equity § 417.
[4, 5] 17 Am Jur, Divorce and Separation §§ 596–603, 699.
[5] 17 Am Jur, Divorce and Separation § 445.
[5] Gratuities or expectations as affecting amount of alimony. 66 ALR 219.
Income tax as a factor in fixing alimony. 153 ALR 1041.
Earning capacity or prospective earnings of husband as basis of alimony. 6 ALR 192; 139 ALR 207.
Misconduct of wife to whom divorce is decreed as affecting amount of alimony. 9 ALR2d 1026.
[6] 17 Am Jur, Divorce and Separation §§ 638, 640.
[6] Decree for periodical payments for support or alimony as lien or as subject of declaration of lien. 79 ALR 252; 169 ALR 641.

upon allegations connected with subsequent motions, and is required, by statute, to be "just and reasonable, having regard to the ability of the husband and the character and situation of the parties, and all the other circumstances of the case" (CL 1948, § 552.23, as amended by PA 1951, No 130).

5. Same—Division of Property—Alimony—Support of Children—Attorney Fee.

Decree awarding plaintiff wife $600 per month for her own support and maintenance, $150 per month for each of their 3 children, the home dwelling valued at $25,000 and requiring the husband to pay off $10,000 mortgage thereon and to maintain $25,000 worth of double indemnity life insurance, giving wife the household goods and furnishings and an automobile, and requiring husband to pay all outstanding bills, $500 a year on plaintiff's income tax, children's tuition, hospital, medical and dental expenses and $2,000 attorney fee to wife's attorney is not disturbed on wife's appeal, where Supreme Court is not convinced on *de novo* review that it must have reached a different conclusion had it occupied the position of the lower court under like circumstances.

6. Same—Enforcement of Decree—Liens.

Lien upon defendant's interest in copartnership in order to assure performance by him of money terms of decree of divorce is not afforded, where no indication is made that the usual method of enforcement of the decree would be ineffectual in the case.

Appeal from Oakland; Doty (Frank L.), J. Submitted October 17, 1952. (Docket No. 100, Calendar No. 45,656.) Decided December 9, 1952.

Bill by Mary S. Rogers against Thomas A. Rogers for divorce on ground of extreme cruelty. Decree for plaintiff. Plaintiff appeals from portion of decree relating to alimony, maintenance and property matters. Affirmed.

*Walter M. Nelson,* for plaintiff.

*David C. Pence,* for defendant.

BOYLES, J.   Plaintiff was granted a divorce and appeals from its provisions relating to alimony, maintenance and property matters.   The parties were married in 1939 and separated in 1951.   They had 3 children—Mary now 13 years old, Gayle now 9, and Spencer now nearly 8.   Defendant does not appeal.

After issue had been joined, the defendant appeared but did not contest the granting of the decree. The only witnesses sworn were the plaintiff and her mother.   Except for necessary proofs to establish grounds for divorce and custody of children, plaintiff's testimony—direct and on cross-examination—related entirely to property matters and alimony. At its conclusion the court filed a written opinion announcing the provisions to be embodied in the decree, including custody, property matters, alimony and maintenance of minor children.   Thereupon counsel for plaintiff filed a motion for leave to take further testimony including examination of the defendant.   The motion related to matters which were referred to in plaintiff's testimony at the hearing; the defendant had been present in court and could have been called by plaintiff to testify.   Appellant claims that the court erred in denying the motion. The denial was within the discretion of the trial court.

"After this opinion was filed, counsel for the defendant made a motion to reopen the proofs and make an additional showing by evidence which was known to it and which was available at the hearing. The fact is that, though the proofs were at hand, the defendant's counsel did not use them because he did not deem it necessary.   The failure to offer proofs under such circumstances is not a good reason for asking the court to reopen the case after he has decided it.   In any event, the reopening of the case was not something which the defendant was entitled

to as a matter of right. It rested in the favor and discretion of the trial court." *Case* v. *City National Bank of Battle Creek,* 240 Mich 419.

Plaintiff-appellant complains because the decree allows her only $1,050 per month for support and maintenance of herself and children, and claims that the court should have allowed her $1,500 per month. In considering the question we necessarily depend upon the proofs in the case, and not upon allegations connected with subsequent motions. We have in mind the statutory rule that if the estate and effects awarded the wife should be insufficient for the suitable support and maintenance of herself and the children committed to her care, the court may further decree to her, "such part of the personal estate of the husband and such alimony out of his estate  *  *  *  as it shall deem just and reasonable, having regard to the ability of the husband and the character and situation of the parties, and all the other circumstances of the case." CL 1948, § 552.23, as amended by PA 1951, No 130 (Stat Ann 1951 Cum Supp § 25.103).

Before their separation the defendant was giving the plaintiff $1,500 per month, later reduced to $1,200 per month, for herself and the children, to cover home and household expenses, food, clothing, medical and like expenses, house maintenance and help, education, and the various domestic financial outlays of a family with 3 children. Included was about $500 per month for plaintiff's expenses for consulting a psychiatrist, and the household expenses of the defendant himself. At the trial, plaintiff's estimate of the necessary expenses was much higher. It was characterized by the trial judge as follows:

"The plaintiff submitted to the court an estimate of her needed expenditures per month. In the opin-

ion of the court these estimated expenditures are excessive and extravagant to a high degree."

The defendant had a net income after taxes of approximately $2,500 per month ($30,000 per year) from a business in which he apparently had a controlling interest as partner. There was some testimony as to the dividends accruing from the business but it is not claimed that the defendant had been receiving any. Apparently the parties lived expensively, if not extravagantly.

The decree awarded the plaintiff $450 per month for maintenance of the 3 children ($150 for each), $600 per month for her own support and maintenance, ordered the defendant to pay the tuition of the children in schools, to bear the cost of their college education if they entered college, gave the plaintiff the home dwelling (estimated value $25,000) subject to a mortgage of about $10,000 which the defendant was required to pay. The defendant was also ordered to continue in force 4 life insurance policies on his life, amounting to $25,000 with double indemnity clauses, payable to plaintiff as beneficiary, and keep up the premium payments thereon. Plaintiff was given the household goods and furnishings, an automobile, the defendant was required to pay all their bills outstanding at the time the suit was started, to pay $500 each year upon plaintiff's income tax, to pay the hospital, medical and dental expense of the children, and to pay a fee of $2,000 to plaintiff's attorney.

While we hear divorce cases *de novo,* the Supreme Court does not reverse unless convinced that it must have reached a different conclusion had it occupied the position of the lower court under like circumstances. *Ethridge* v. *Ethridge,* 322 Mich 578; *Wells* v. *Wells,* 330 Mich 448; *Tackabury* v. *Tackabury,* 334 Mich 157. The trial court gave careful at-

tention to all of plaintiff's claims. We would not change the decree.

Finally, appellant asks that one half of the "stock" of defendant's publishing company (a copartnership) be subjected to a lien and voting power to assure performance by the defendant of the money terms of the decree. While the topical subheadings in appellant's brief do not conform to the order given in counsel's statement of questions involved (see Court Rule No 67, § 1 [1945]), we are unable to find therein, or in the record, any indication that the usual method of enforcement of the decree would be ineffectual in this case.

Affirmed. Costs to appellee.

Adams, C. J., and Dethmers, Butzel, Carr, Bushnell, Sharpe, and Reid, JJ., concurred.