KAY, APPELLANT, *v.* BELL ET AL., APPELLEES, ET AL.

(No. 1289—Decided November 18, 1953.)

*Mr. Richard B. Kay,* for appellant.

*Mr. Paul J. Mikus,* prosecuting attorney, and *Mr. James Christie,* for appellees.

Hunsicker, J. In this appeal on questions of law, a narrative bill of exceptions has been filed, which purports to be a copy of the stipulation or agreed statement of facts upon which the cause was heard in the trial court. No question is raised by either party concerning the certification required to be made by the trial court of such narrative bill of exceptions, and therefore this court will accept such bill of exceptions, since it was filed within the proper time required by the statute. The parties have stated to this court that all the evidence presented in the trial court is contained in the narrative bill of exceptions under the title "Stipulations."

The evidence so presented in the trial court is as follows:

"It is stipulated and agreed that a divorce was granted on June 9, 1949, to Dorothy S. Kay from Norman B. Kay in the Court of Common Pleas of Cuyahoga County, Ohio, and that custody of the minor son, Bruce S. Kay, was given to the said Dorothy S. Kay, now by marriage Dorothy S. Crawford; that thereafter said Dorothy S. Kay married Robert Crawford, removed to Avon Lake, Lorain County, Ohio, and enrolled said minor child in the Avon Lake elementary school under the name of Bruce S. Crawford; that when Norman B. Kay, father of said minor child, learned of said enrollment in September of 1952 he made a written demand dated October 21, 1952, on Edna Von Pischke, president of the Board of Education of Avon Lake, Ohio, to register said child in the name of Bruce S. Kay, the name appearing on the birth certificate of said child; that a request for an opinion was made by said Board of Education upon the prosecuting attorney of Lorain County, Ohio, a copy of which opinion is attached to the petition herein and made a part hereof and a copy of which was mailed to counsel for the plaintiff; that said child to this date is

still enrolled under the name of Bruce S. Crawford in the Avon Lake elementary school.

"It is further stipulated and agreed that in said divorce case, being number 590862 in the Court of Common Pleas of Cuyahoga County, Ohio, on January 7, 1953, the defendant, Norman B. Kay, the plaintiff in the present case, filed a motion to modify the decree of divorce, and, among other things, he asked that the court 'enter on its journal an order that the said minor child, Bruce S. Kay, shall at all times for all intents and purposes retain the name of Bruce S. Kay, the son of the defendant herein'; that this motion came on for hearing before Judge Donald F. Lybarger, a judge of said court, on January 15, 1953, and was overruled; that on February 4, 1953, said defendant filed a motion for a rehearing of this previous motion to modify, and on February 20, 1953, said judge granted a rehearing, and said motion was argued, heard, and submitted for decision; that said matter is now pending in said court, no decision having as yet been rendered on said rehearing."

The trial court had before it a petition in which the following prayer for relief is contained:

"Plaintiff requests this court to issue a temporary restraining order to enjoin the further use of [the name] Bruce S. Crawford on the rolls of the public schools of Avon Lake for his son, Bruce S. Kay, and that upon final hearing, this injunction shall be made permanent and that defendants shall pay the costs of this action.

"Wherefore, plaintiff prays for a temporary restraining order against defendants, and after the final hearing this injunction shall be made permanent and that defendants shall pay the costs of this action."

The judgment of the Common Pleas Court denied the relief sought and dismissed the plaintiff's petition,

and from such judgment an appeal on questions of law has been made to this court.

In what name shall the child in the instant case be enrolled in the school which he now attends?

The Supreme Court of Ohio in the case of *Pierce* v. *Brushart et al., Bd. of Elections,* 153 Ohio St., 372, at p. 380, 92 N. E. (2d), 4, said:

"It is universally recognized that a person may adopt any name he may choose so long as such change is not made for fraudulent purposes.

"On this subject 38 American Jurisprudence, 610, Section 28, states:

" 'In the absence of a statute to the contrary, a person may ordinarily change his name at will, without any legal proceedings, merely by adopting another name. He may not do so, however, for fraudulent purposes. In most jurisdictions, a change of one's name is regulated by statutes which prescribe the proceedings by which such change is to be accomplished.'

"And it has been held that where a person is as well known by one name as by another, the use of either name is sufficient."

The name chosen for the child for registration in school was selected by the mother, whose present name is Crawford, although the birth certificate shows the child to be Bruce S. Kay.

Section 4843, General Code (now Section 3319.32, Revised Code), provided that boards of education should require all teachers and superintendents to keep school records so as to exhibit the names of all pupils enrolled therein. Section 4853, General Code (now Section 3321.24, Revised Code), provided that an enumeration of all youth in a given school district should be made by the school authorities each year, and that such enumeration should designate the name of each child of school age.

In *Uihlein* v. *Gladieux,* 74 Ohio St., 232, at p. 247, 78 N. E., 363, the court said:

"The meaning of the word, name, is given as the distinctive appellation by which a person or thing is designated or known; or, as better given by another lexicographer, that by which an individual person or thing is designated and distinguished from others. The law recognizes one Christian name or given name and one family surname."

The purpose of a name is to identify the person; and, since the Norman conquest of England, a full name consists of one Christian or given name and one surname. The two, using the Christian name first and the surname last, constitutes the legal name of the person. *Schofield* v. *Jennings, Admr.,* 68 Ind., 232.

It has been the custom in our country since the time "when the memory of man runneth not to the contrary" to give to a child the surname of its father. 29 Ohio Jurisprudence, Names, Section 3; 38 American Jurisprudence, Name, Section 3, at p. 596; 65 Corpus Juris Secundum, Names, Section 3 a, and authorities there cited.

"The husband furnishes the name, the domicile, and, generally, the support and maintenance of the family * * *." *Joyner* v. *McMurphy,* 26 Ala. App., 549, at p. 551, 163 So., 533, at p. 534.

And see: *Bilenkin* v. *Bilenkin,* 78 Ohio App., 481, 64 N. E. (2d), 84, paragraph two of the syllabus.

For discussions on the subject of "names," see also: 22 Central Law Journal, 220; 40 Central Law Journal, 316; 15 Yale Law Journal, 227 and 341; Vol. 1, Opinions of Attorney General (1921), 572, No. 2209.

There is nothing before this court to show that, in the order of the divorce court giving the custody of the child, Bruce, to the mother, she was authorized to change the surname of the child (even if we assume

that a court, in an action for divorce, has the authority, under the statutes, to make such an order). There is evidence to show that the court which granted the divorce decree made no order with respect to the surname of the child of the parties, for an application is pending in the court which granted the divorce to compel the mother, now Mrs. Crawford, to cease calling the child ''Bruce Crawford.''

While it is true, as we have shown above, that one ''may adopt any name he may choose so long as such change is not made for fraudulent purposes,'' that does not mean that some other person may select, for a person, a name different from the name by which such person is known.

In the instant case, the name used to enroll the child, Bruce, in the schools of the village of Avon Lake was chosen by the mother, who did not have the legal authority or power to change the name of her son in the manner chosen by her.

From our consideration of the matter before us, we find that the legal name of the child herein is Bruce S. Kay. The statute which requires the school authorities to keep a record of the name of all pupils enrolled in the school, means that such enrollment shall be in the legal name of the child. Where, as in this case, the child is born in lawful wedlock, the legal name is the first or Christian name, and the surname or last name of his or her natural father. In the instant case such name is shown by the record of birth, which it is agreed was known to the school authorities.

The judgment of the trial court is reversed, and, there being no dispute as to the facts in this cause, this court shall proceed to render the judgment which the trial court should have rendered and order that the appellees, as the Board of Education of Avon Lake, enroll the child in the schools of said village under his

526

legal name—to wit, "Bruce Kay" (or, if desired, "Bruce S. Kay").

Judgment reversed and final judgment entered.

*Judgment reversed.*

DOYLE, P. J., and STEVENS, J., concur.