RAPPLEYE v RAPPLEYE

Docket No. 113614. Submitted November 20, 1989, at Lansing. Decided April 16, 1990.

James A. Rappleye obtained a divorce from Stacia Lynn Rappleye. Custody of the parties' minor child, Adria, was granted to defendant, who subsequently cohabited with, and ultimately married, William Gregory. From the time defendant and William Gregory began living together, they called Adria, then three years old, "Adria Gregory" rather than "Adria Rappleye" although her legal name remained Rappleye. Several years later, plaintiff brought a motion in Jackson Circuit Court seeking to enforce his visitation rights and to enjoin defendant from using any surname for Adria other than her legal name. The court, John C. Timms, J., after conducting a hearing and an interview in camera of Adria, by then nine years old, ruled that the child may use the surname of Gregory if she so wishes. Plaintiff appealed.

The Court of Appeals *held:*

Under the common law a person may adopt any name he wishes, without resort to any court and without any legal proceedings, provided it is not done for fraudulent purposes. Similarly, a minor of sufficient age and maturity to make an intelligent choice may assume any chosen name. The trial court in this case did not abuse its discretion in determining that it is in Adria's best interest to allow her to continue using the name Gregory if she so desires.

Affirmed.

MacKENZIE, J., dissented and would reverse the trial court. She would hold that a mother who has been awarded custody of a minor child may not, over the objection of the noncustodial father, unilaterally change the surname of the child to that of the mother's subsequent husband unless the change would be in the best interest of the child. Under the circumstances of this case, Judge MacKenzie would hold that the name change

REFERENCES

Am Jur 2d, Name §§ 14, 15, 42-45.

Rights and remedies of parents inter se with respect to the names of their children. 92 ALR3d 1091.

would not be in the child's best interest given the child's young age and inability to make an intelligent choice, and the desirability of maintaining a bond between father and child.

NAMES — NAME CHANGES — COMMON LAW.

Under the common law a person may adopt any name he wishes, without resort to any court and without any legal proceedings, provided it is not done for fraudulent purposes; similarly, a minor of sufficient age and maturity to make an intelligent choice may assume any chosen name.

*Rademacher & Musbach* (by *Randy A. Musbach*), for plaintiff.

*David R. McEvers,* for defendant.

Before: MURPHY, P.J., and MACKENZIE and CAVANAGH, JJ.

MURPHY, P.J. The issue before this Court is limited. Did the trial court err by including language in a postjudgment divorce order that provided that "the minor child may use the surname of Gregory if she so wishes"?

The parties were married in 1977. Their only child, Adria, was born November 27, 1978. In 1981, the parties separated. Defendant mother took custody of Adria and left South Africa where the parties had been living. By 1982, defendant and Adria were living in the United Kingdom with William Gregory. Plaintiff and defendant were divorced in 1984. The judgment of divorce granted defendant mother physical custody of the child. Following the divorce, defendant married William Gregory. In the fall of 1984, the Gregorys and Adria returned to the United States to live in Jackson, Michigan.

From the time defendant and William Gregory began living together, they called Adria "Adria Gregory" rather than "Adria Rappleye," the

child's birth name. Adria's medical, dental, and school records state her surname to be Gregory. However, the school administration is aware of her legal name and legal documents such as her passport, social security card, and bank account show the surname Rappleye. Adria's friends refer to her as Adria Gregory.

When plaintiff learned that his daughter was using Gregory instead of her legal surname, he asked defendant to change Adria's name back to Rappleye. Later, plaintiff brought a motion to enforce his visitation rights which also asked the court to enjoin defendant from using any surname for Adria other than her legal name.

We are not presented with issues concerning the propriety of a legal name change of a minor under the probate code, MCL 711.1; MSA 27.3178(561). We are not dealing with an order of the court that *requires* a minor to go by a surname other than that given on her birth certificate pursuant to MCL 333.2824; MSA 14.15(2824). In fact, we are not even facing a legal name change at all. Simply, we have before us an order from the trial court that allows a minor, if *she* so desires, to continue informal use of a name she has used for the past several years.

At common law a person could adopt any name he or she wished, without resort to any court and without legal proceedings, provided it was not done for fraudulent purposes. *Piotrowski v Piotrowski,* 71 Mich App 213, 215-216; 247 NW2d 354 (1976). Similarly, the common law would permit a minor who was of sufficient age and maturity to make an intelligent choice to assume any chosen name. 57 Am Jur 2d, Name, § 42, p 679. There is no contention in this case that Adria Rappleye's use of the surname Gregory was for a fraudulent purpose. If common law allows such use, we are

hard pressed to conclude that the trial court erred by ordering nothing more than that which is permitted at common law.[1]

Again, we emphasize that we are not addressing a grant of a legal name change for the parties' minor child pursuant to the probate code, a decision we would review for an abuse of discretion. MCL 711.1; MSA 27.3178(561). Assuming that this is the correct standard in the present case, we cannot conclude on this record that the trial court abused its discretion by determining that it is in the minor child's best interest to allow her to continue using the name Gregory, if she so desires. Abuse of discretion implies that the trial court's decision was not based on fact, logic, and reason. *Poet v Traverse City Osteopathic Hosp,* 433 Mich 228, 251; 445 NW2d 115 (1989); *Spalding v Spalding,* 355 Mich 382, 384-385; 94 NW2d 810 (1959). In the present case, the trial court's decision was clearly based on the facts and on what was right and equitable under the circumstances. See *Lagnes v Green,* 282 US 531, 541; 51 S Ct 243; 75 L Ed 520 (1931).

The record establishes that Adria, who was almost ten years old at the time of the hearing, expressed her desire to use the name Gregory. She had used that name since she was four years old. She was in the custody of her mother who is remarried and is known by the surname of Gregory. The child was known to her friends and classmates by the name Adria Gregory.

The trial court interviewed the minor child, in camera, to determine whether the use of the Gregory surname was being imposed for the purpose of

[1] We also question the practicality, effectiveness, and enforceability of an order that attempts to restrain the third party, or the individual whose name is at issue, from informally using a surname other than the person's birth name.

frustrating the plaintiff father's relationship with his child and to foster ill feelings. The court concluded that it was the child's true desire to be known as Gregory. The trial court had ample opportunity to determine the child's maturity level and was apparently satisfied that she was mature enough to understand her own desires and make an intelligent choice.[2]

We defer to the trial court's special opportunity to judge the credibility of the parties and, in particular, of the minor child, and will not disturb its findings. MCR 2.613(C).

Affirmed.

CAVANAGH, J., concurred.

MACKENZIE, J. *(dissenting).* The issue in this case is whether a custodial mother may, over the objection of the noncustodial father, informally change their minor child's surname to that of the child's stepfather. Under the circumstances of this case, I conclude that she may not.

The parties were married in 1977. Their only child, Adria, was born November 27, 1978. In 1981, the parties separated and defendant mother took custody of Adria. By 1982, defendant and Adria were living with William Gregory. The parties were divorced in 1984. The judgment of divorce granted defendant mother physical custody of the child. Following the divorce, defendant married William Gregory.

From the time defendant and William Gregory began living together, they have called Adria "Ad-

---

[2] Although not stated by the court, it is certainly conceivable that forcing a change in the minor child's commonly used name at this point would only confuse the child and her friends and acquaintances. A forced change might well foster such resentment in the child as to lead to a further breakdown in the already fragile parental relationship between plaintiff and the child.

ria Gregory" rather than "Adria Rappleye," the child's birth name. Adria's medical, dental, and school records state her surname to be Gregory, although legal documents such as her passport, social security card, and bank account are listed in the surname Rappleye. Adria and her friends refer to her as Adria Gregory.

In 1988, plaintiff father filed a motion which in relevant part sought an order preventing defendant mother from using any surname for the minor child other than Rappleye. Following a hearing, the trial court denied the motion. The court essentially found that the child preferred to be called Adria Gregory, and found that preference controlling.

Under the common law a person may adopt any name he or she wishes, without resort to any court and without any legal proceedings, provided it is not done for fraudulent purposes. *Piotrowski v Piotrowski,* 71 Mich App 213, 215-216; 247 NW2d 354 (1976). There is no requirement that any person go through the courts to establish a legal change of name. *Piotrowski, supra,* p 216. While Michigan, as most states, has a statute authorizing procedures by which a probate court can, upon petition, change the name of any person, see MCL 711.1; MSA 27.3178(561), such name change statute does not abrogate or supersede the common-law right. *Id.* Moreover, the common-law right to change one's name without legal formality extends to minors. *Laks v Laks,* 25 Ariz App 58; 540 P2d 1277 (1975), 57 Am Jur 2d, Name, § 42, p 679. Thus, a minor can effectuate a common-law change of name on his or her own initiative, provided he or she is of sufficient age and maturity to make an intelligent choice. *Id.*

In this case, the decision to change Adria's surname to Gregory was not made on her own

initiative, nor was it made when she was capable of expressing a meaningful opinion about the change. It was instead made unilaterally by her mother and William Gregory when Adria was approximately three years old. Adria's mother has acted to effectuate a common-law change of the child's name; Adria has not.

A mother who has been awarded custody of a minor child may not, over the objection of the noncustodial father, unilaterally change the surname of a child to that of the mother's subsequent husband unless the change would be in the best interest of the child. See *Sobel v Sobel,* 46 NJ Super 284: 134 A2d 598 (1957), *Kay v Bell,* 95 Ohio App 520: 121 NE2d 206 (1953), *Nitzberg v Bd of Ed of City of New York,* 104 NYS2d 421 (1951), *Hall v Hall,* 30 Md App 214; 351 A2d 917 (1976), *Laks v Laks, supra, Young v Young,* 356 NW2d 823 (Minn App, 1984), and *Cohan v Cunningham,* 104 AD2d 716; 480 NYS2d 656 (1984). See, generally, Anno: *Rights and remedies of parents inter se with regard to the names of their children,* 92 ALR3d 1091, § 10, pp 1118-1123. There appear to be at least three rationales for this rule. Some courts have noted that, while under the common law one may adopt any name he or she chooses, that right does not grant other persons the right to select for a person a name different from the name by which such person is known. See, e.g., *Kay v Bell, supra.* Second, at least one court has refused to allow a unilateral name change because neither parent has a superior right to determine a child's name. See *Cohan v Cunningham, supra.* The third rationale advanced is that, when there is a divorce and the mother is given custody of the children, the bond between the father and his children becomes tenuous, and if the children's name is changed

that bond may be further weakened or destroyed.
See *Laks v Laks, supra.*

In deciding whether a custodial mother's unilateral change of a child's surname from that of the child's father is in the child's best interest, courts look to several factors. Primary considerations are whether the father has engaged in misconduct, or abandoned or refused to support the child. *Hall v Hall, supra.* The preference of the child may be given some weight, depending on the age of the child and the circumstances of the case. *Id.* The desirability of maintaining a bond with the father and the father's family is given substantial weight. *Id.* The inconvenience or embarrassment of having more than one surname in the mother's household has been held not to be determinative. *Id.*

In this case, plaintiff father has shown an interest in Adria's welfare. He retains joint legal custody. There are no allegations of misconduct. While there have been ongoing visitation problems, plaintiff has sought to exercise his visitation rights. With one exception, when he was denied visitation, plaintiff has made support payments. The child maintains contact with plaintiff's family; her paternal grandparents appear to exercise their visitation rights regularly. Given Adria's young age and the circumstances of this case, it is questionable whether she is capable of making an intelligent choice in the matter. See *Hall v Hall, supra.* Her preference with respect to a change of name should thus be given minimal weight. On the other hand, it is apparent that the bonds between the child and her father have been greatly weakened by this divorce, and the desirability of maintaining some bond should be given substantial weight.

In light of the above, I am convinced that the trial court abused its discretion in concluding that

defendant should not be restrained from unilaterally changing Adria's name to Adria Gregory. There is insufficient justification for such a common-law name change at this time. Accordingly, I would reverse.