GARLING v SPIERING

Docket No. 144746. Submitted August 4, 1993, at Detroit. Decided
    November 29, 1993; approved for publication December 15,
    1993, at 9:00 A.M.

   Deborah Ann Garling brought an action in the Macomb Circuit
   Court against Bruce E. Spiering, Jr., seeking a divorce. Approx-
   imately six weeks later, the parties' only child was born and
   was given the mother's maiden surname. The defendant ob-
   jected to entry of a judgment of divorce until the surname of
   the child was changed from Garling to Spiering. The court,
   Robert J. Chrzanowski, J., determined that the child should be
   given the surname of Spiering, stating that the surname of a
   child should be the surname that was being used by the parties
   during the marriage when the child was conceived and born,
   and entered a judgment of divorce. The plaintiff appealed.

     The Court of Appeals *held:*

     There is no statutory requirement that a minor child must
   bear the father's surname or the surname used by the parents
   during the marriage, nor is there any other legal basis for
   concluding that a child should be given the surname used by
   the parents during the marriage or that one parent has a
   superior right to determine the initial surname of a minor
   child. Accordingly, where in divorce proceedings a dispute
   arises between the parents of a child concerning the surname
   of the child, the court must resolve the dispute on the basis of
   the best interests of the child. The trial court's failure to
   consider the best interests of the child in this case requires that
   the case be remanded for further consideration.

     Reversed and remanded.

DIVORCE — PARENT AND CHILD — SURNAMES — BEST INTERESTS OF A
    CHILD.

   A court in resolving in divorce proceedings a dispute concerning
   the surname to be used by a child of the marriage must resolve
   the question in accordance with the best interests of the child.

REFERENCES
Am Jur 2d, Divorce and Separation § 974.
See ALR Index under Custody and Support of Children; Divorce
and Separation.

*Peralta, Johnson & Karam* (by *Thomas Peralta*), for the plaintiff.

Before: Brennan, P.J., and Corrigan and R. C. Anderson,* JJ.

Per Curiam. Plaintiff appeals as of right from a judgment of divorce. We reverse.

The parties were married in 1988. Two years later, they separated. Plaintiff filed a complaint for divorce on September 25, 1990. She stated in the complaint that she was pregnant with a child. The parties' only child, Shannon Lynn, was born on November 8, 1990, and was given her mother's maiden surname. Defendant, however, disagreed with plaintiff's decision to give their child the last name of Garling. Consequently, he objected to entry of a judgment of divorce until his daughter's surname was changed to Spiering. A hearing was held on August 9, 1991. Relying on the statutory language contained in MCL 333.2824; MSA 14.15(2824), the circuit court ruled in favor of defendant, stating that the surname of the child should be the surname that was being used by the parties during the marriage when the child was conceived and born.

Plaintiff's sole claim on appeal is that the circuit court erred in failing to consider the best interests of the minor child before it ordered that the child's name be changed from Shannon Lynn Garling to Shannon Lynn Spiering. We must agree. Nothing in the statutes of this state require that a minor child bear the father's surname or the surname used by the parties during the marriage.[1] Furthermore, we find no legal basis for concluding that a

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] The language contained in MCL 333.2824(1); MSA 14.15(2824)(1), which the circuit court relied on to make its decision, merely states that the minor child's surname will be registered as "designated by

child should be given the surname used by the parties during the marriage or that one of the parents has a superior right to determine the initial surname of the minor child. Accordingly, as with other parental disputes concerning children, we are convinced that adoption of the "best interest" test[2] is the most rational way in which to resolve disputes between parents regarding a child's surname.

This Court faced a similar circumstance in *Rappleye v Rappleye*, 183 Mich App 396; 454 NW2d 231 (1990). The parties were divorced in 1984. The defendant mother took custody of their minor child, Adria, and relocated. Subsequently, she married William Gregory. Both the defendant and William Gregory called Adria "Adria Gregory" rather than "Adria Rappleye," which was the child's birth name. In 1988, the plaintiff father brought a motion seeking to enforce his visitation rights and to enjoin the defendant from using any surname for Adria other than Rappleye. Considering the best interest of the child, the trial court denied the plaintiff's motion, ruling that the child could use the surname of Gregory if she desired. On appeal, this Court upheld the trial court's decision:

> [W]e cannot conclude on this record that the trial court abused its discretion by determining that it is in the minor child's best interest to allow her to continue using the name Gregory, if she so desires. . . . In the present case, the trial court's decision was clearly based on the facts and on what was right and equitable under the circumstances. [*Id.* at 399.]

the child's parents," it does not require that the surname of a child should be the surname of the parties during the marriage when the child was conceived and born.

[2] MCL 722.23; MSA 25.312(3).

Although admittedly this Court in *Rappleye* did not formally adopt the "best interest" test for the purpose of resolving these types of disputes, we clearly approved of its use by our trial courts. In light of the specific issue raised in this case, we now hold that parental disputes regarding a child's surname should be resolved in accordance with the best interests of the child. See also *In re Marriage of Douglass,* 205 Cal App 3d 1046; 252 Cal Rptr 839 (1988); *Ribeiro v Monahan,* 524 A2d 586 (RI, 1987); *Lassiter-Geers v Reichenbach,* 303 Md 88; 492 A2d 303 (1985); *Cohan v Cunningham,* 104 AD2d 716; 480 NYS2d 656 (1984). *Jacobs v Jacobs,* 309 NW2d 303 (Minn, 1981); *In re Marriage of Schiffman,* 28 Cal 3d 640; 169 Cal Rptr 918; 620 P2d 579 (1980). Accordingly, we reverse and remand for a hearing and determination consistent with this opinion.

Reversed and remanded.