Smolensk, J.
 

 Plaintiff appeals as of right from a judgment of divorce. We affirm in part, reverse in part, and remand for further proceedings.
 

 The parties were married in 1995. Plaintiff, Theophilus Mixon, Jr., filed for divorce in 1997. The parties’ minor child, Eric T. Mixon, was bom a few months
 
 *161
 
 later.
 
 [1]
 
 After a one-day trial, the court awarded the parties joint legal custody of Eric, but granted defendant physical custody of the child. The trial court also awarded defendant a portion of plaintiffs pension benefits that he had earned as an employee of the city of Highland Park. Plaintiff filed objections to the proposed judgment that defendant submitted pursuant to MCR 2.602. Two of plaintiff’s objections are pertinent to this appeal. First, the proposed judgment incorrectly identified the parties’ minor child as “Eric T. Mixon” rather than “Theophilus Eric Mixon, III.” Second, the language in the proposed judgment that divided plaintiff’s pension benefits was deficient because it did not refer to the entry of an eligible domestic relations order (edro).
 
 [2]
 
 Also pertinent to
 
 *162
 
 this appeal is plaintiffs posttrial motion to present additional proofs that defendant incorrectly named the parties’ child “Eric T. Mixon.” The trial court denied plaintiff’s motion and objections related to the proposed judgment. Plaintiff appeals as of right.
 

 Plaintiff first claims that the trial court erred because it failed to properly consider his request for joint physical custody of the parties’ minor child and to state on the record its reasons for denying his request. We agree. All custody orders must be affirmed on appeal unless the trial court’s findings were against the great weight of the evidence, the court committed a palpable abuse of discretion, or the court made a clear legal error on a major issue. MCL 722.28; MSA 25.312(8);
 
 Fletcher v Fletcher,
 
 447 Mich 871, 876-877 (Brickley, J.), 900 (Griffin, J.); 526 NW2d 889 (1994);
 
 York v Morofsky,
 
 225 Mich App 333, 335; 571 NW2d 524 (1997). In the present case, we conclude that the trial court made a clear error on a major issue when it failed, to state on the record its reasons for denying plaintiff’s request for joint physical custody.
 

 “Joint custody,” as used in MCL 722.26a; MSA 25.312(6a), means either that “the child shall reside alternately for specific periods with each of the parents” or that “the parents shall share decisionmaking
 
 *163
 
 authority as to the important decisions affecting the welfare of the child,” or both.
 
 Wellman v Wellman,
 
 203 Mich App 277, 279; 512 NW2d 68 (1994). Because plaintiff requested joint custody, the trial court had to consider whether a joint custody award was in the best interests of the child, applying the statutory factors as set forth in MCL 722.23; MSA 25.312(3), and
 
 state on the record
 
 the reasons for denying plaintiffs request. MCL 722.26a(l); MSA 25.312(6a)(l). Although the trial court reviewed the statutory factors before awarding the parties joint legal custody of Eric, the court failed to state its reasons for denying plaintiff’s request for joint physical custody as required by statute.
 

 Next, plaintiff argues that the trial court abused its discretion in denying his request to reopen the divorce hearing in order to determine the first name of the parties’ minor child. We disagree. A trial court’s decision to reopen proofs to modify a divorce judgment is reviewed to determine whether the trial court abused its discretion. See
 
 Rogers v Rogers,
 
 335 Mich 207, 209-210; 55 NW2d 799 (1952);
 
 Esslinger v Esslinger,
 
 9 Mich App 11, 16; 155 NW2d 702 (1967). An abuse of discretion occurs when the result is so grossly violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or the exercise of passion or bias.
 
 Fletcher, supra
 
 at 879-880. In support of his claim, plaintiff relies on
 
 Garling v Spiering,
 
 203 Mich App 1; 512 NW2d 12 (1993), for the proposition that the trial court had authority to determine the name of the parties’ minor child during the divorce proceedings. While this Court’s opinion in
 
 Garling
 
 recognized the trial court’s authority to determine a child’s surname dining the course of a divorce
 
 *164
 
 proceeding, we conclude that
 
 Gatling
 
 is not controlling because the dispute in the instant case involves the minor child’s given name, not his surname. There is no dispute that the minor child bears his father’s surname, Mixon; rather, plaintiff seeks to change the child’s, given name from. “Eric T.” to “Theophilus Eric.” Plaintiff provided no evidence at the hearing on his motion to reopen proofs to suggest that a given name change would be in Eric’s best interests. See
 
 Gatling, supra
 
 at 2-4. On the contrary, plaintiff’s attorney stated that plaintiff wanted the child’s name to be Theophilus Mixon, III, “so as to continue the family line.” Furthermore, we note that plaintiff did not raise this issue until after the trial, even though the minor child’s name had been a source of contention between the parties at the time of the trial.
 
 [3]
 
 Under the facts of this case, we cannot say that the trial court abused its discretion in denying plaintiff’s request to reopen the proofs.
 

 Finally, plaintiff contends that the judgment of divorce should have provided for the entry of an edro. We agree. MCL 552.101(4); MSA 25.131(4) provides: [E]ach judgment of divorce . . . shall determine all rights of the husband and wife in and to all of the following:
 

 (a) Any pension, annuity, or retirement benefits.
 

 
 *165
 
 (b) Any accumulated contributions in any pension, annuity, or retirement system.
 

 (c) Any right or contingent right in and to unvested pension, annuity, or retirement benefits.
 

 Because plaintiff is a municipal employee, the parties must file an edro with the municipal retirement system to allow defendant to receive an interest in plaintiff’s pension benefits. See MCL 38.1701
 
 et seq.;
 
 MSA 5.4002(101)
 
 et seq.
 
 (the Eligible Domestic Relations Order Act). Specifically, MCL 38.1703; MSA 5.4002(103) provides that an alternate payee, i.e., a former spouse named in an edro, “is entitled to an actual interest in a share of a benefit that is or will become payable to a participant, if so provided in an EDRO filed with the retirement system.” Furthermore, the public employee retirement system administers the payment of benefits pursuant to the edro.
 
 Id.
 
 In the present case, the parties’ judgment of divorce did not refer to the entry of an EDRO, but simply divided plaintiff’s pension in a section entitled “Pension Benefit,” which provided:
 

 [T]hat Defendant shall receive half of the Plaintiffs pension benefits derived through his employment, including, but not limited to, incentive and thrift plan programs, ira’s, contributory retirement funds, deferred [sic], vested pension plans, interest, stock, savings and security plan benefits and any other fringe benefits derived through such employment from the date of marriage through the date of divorce.
 

 While MCL 552.101(4); MSA 25.131(4) does not explicitly require the trial court to include an EDRO in the judgment of divorce, we conclude that this section, when read in conjunction with the Eligible Domestic Relations Order Act, required the trial court
 
 *166
 
 to include an edro in the parties’ judgment of divorce when requested by plaintiff. Statutory language should be construed reasonably, keeping in mind the puipose of the act and that the Legislature is presumed to have intended the meaning it plainly expressed.
 
 Nation v W D E Electric Co,
 
 454 Mich 489, 494; 563 NW2d 233 (1997);
 
 Barr v Mount Brighton Inc,
 
 215 Mich App 512, 516-517; 546 NW2d 273 (1996). MCL 552.101(4); MSA 25.131(4) requires a divorce judgment to “determine the rights of the husband and wife” to any pension benefits. The plain meaning of the word “determine” is “to settle or resolve ... by an authoritative or conclusive decision.”
 
 Random House Webster’s College Dictionary
 
 (1992), p 368.
 
 [4]
 
 While the judgment of divorce in the present case awards defendant one-half of “plaintiff’s pension benefits derived through his employment. . . from the date of marriage through the date of divorce,” it neither qualifies as an edro nor requires the entry of an EDRO. Because plaintiff’s pension cannot be divided without an edro that a court will need to enter at a future date, it cannot be said that the judgment of divorce determined the parties’ rights to the pension benefits as required by MCL 552.101(4); MSA 25.131(4). At most, the judgment in the present case defers a determination of the pension benefits awarded to defendant until a court enters the EDRO. As a result, we conclude that the trial court’s judgment was neither authoritative nor conclusive in dividing the pension rights between the parties, and therefore did not determine their rights as required by statute.
 

 
 *167
 
 Furthermore, public policy demands finality of litigation in family law cases. See
 
 McGinn v
 
 McGinn, 126 Mich App 689, 693; 337 NW2d 632 (1983). In furtherance of this policy, litigants should resolve disputes regarding the division of pension rights at the time of the divorce, rather than months or years later. The trial court in the present case acted contrary to this public policy of finality when it denied plaintiff’s request for language requiring the entry of an edro in the judgment of divorce and opted to defer, rather than determine, the edro issue. Accordingly, we hold that the trial court erred in failing to address plaintiff’s request for more appropriate language in determining the parties’ rights to pension benefits, and we remand to the trial court with instructions to incorporate an EDRO into the judgment of divorce.
 

 Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. No taxable costs pursuant to MCR 7.219, neither party having prevailed in full.
 

 [1]
 

 Plaintiff contends that the child should have been named “Theophilus Mixon, m,” rather than “Eric T. Mixon.” However, for purposes of this opinion, we will refer to the parties’ child as “Eric T. Mixon,” the name that appears on the child’s birth certificate.
 

 [2]
 

 MCL 38.1702(e); MSA 5.4002(102)(e) defines an eligible domestic relations order or edro as
 

 a domestic relations order that is considered an eligible domestic relations order under section 11 [MCL 38.1711; MSA 5.4002(111)] or that meets all of the following requirements:
 

 (i) The domestic relations order states the name, last known address, and social security number of the participant.
 

 (ii) The domestic relations order states the name, last known address, and social security number of the alternate payee.
 

 (iii) The domestic relations order states the amount or percentage of the benefit to be paid to an alternate payee, or the manner under which the retirement system is to determine the amount or percentage of the benefit to be paid to an alternate payee.
 

 (iv) The domestic relations order states that it applies to the retirement system and that the retirement system shall make payments to the alternate payee as required under the eligible domestic relations order and this act.
 

 (v) The domestic relations order does not require the retirement system to provide a type or forin of benefit not provided by the retirement system or a form of payment not provided by this act.
 

 
 *162
 
 (vi) The domestic relations order does not require the retirement system to provide an increased benefit determined on the basis of actuarial value.
 

 (vii) The domestic relations order does not require the payment of a benefit to an alternate payee that is required to be paid to another alternate payee under a previously filed eligible domestic relations order.
 

 (viii) The domestic relations order is filed before the participant’s retirement allowance effective date.
 

 [3]
 

 For example, the following colloquy occurred when the trial court issued its decision after the trial:
 

 The Court:
 
 [W]hat’s the child’s name, please?
 

 Ms. Walls-.
 
 Erick [sic] T. Mixon.
 

 Mr. Mixon:
 
 That is not correct. It’s Theophilus—
 

 Mr. Cardinal:
 
 Theophilus.
 

 Mr. Mixon:
 
 Erick Mixon HI.
 

 [4]
 

 Reference to a dictionary is appropriate to determine the ordinary meaning of a word.
 
 Popma v Auto Club Ins Ass’n,
 
 446 Mich 460, 470; 521 NW2d 831 (1994).