*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHRISTINA FRANCESCA REPP,

      Plaintiff-Appellant/Cross-Appellee,

v

ADAM JOSEPH REPP,

      Defendant-Appellee/Cross-Appellant.

UNPUBLISHED
May 22, 2026
9:02 AM

No. 377110
Cass Circuit Court
LC No. 2023-000455-DC

Before: WALLACE, P.J., and LETICA and FEENEY, JJ.

PER CURIAM.

In an appeal by right, plaintiff-appellant/cross-appellee, Christina Francesca Repp, challenges the trial court's: (1) award of parenting time to defendant-appellee/cross-appellant, Adam Joseph Repp; and (2) decision to change the minor child's last name. In a cross-appeal, defendant argues that the trial court erred by failing to award joint legal custody and physical custody and by apportioning most of the travel burden on defendant. We affirm in part, vacate in part, and remand for further proceedings.

## I. FACTS

Plaintiff and defendant married in December 2020, at which time they lived in Illinois, and they separated in April 2023, at which time they lived in Texas. Following the separation, plaintiff, who was pregnant, moved to Michigan with her parents. Defendant filed for divorce in Texas, and the parties did not communicate except through their attorneys. In September 2023, plaintiff gave birth to the parties' son. Plaintiff filed a complaint in Michigan to establish custody, parenting time, and child support. By the time a trial began in September 2024, defendant had not met the child, but he had engaged in video visits with him in July 2024.

The trial court held a two-day bench trial in September 2024, during which time each party requested primary physical custody. Defendant also requested that the trial court change the child's name, alleging that plaintiff had named the child without his input, including that she gave the child her maiden name rather than the parties' surname. Defendant testified that plaintiff had kept the child from him. Plaintiff testified that she had offered parenting time, but because of the child's young age and feeding needs, she had offered shorter periods of visitation than defendant

-1-

wanted. Plaintiff explained that she moved to Michigan to have support from her parents, who watched the child while she worked and did not charge her rent or childcare costs. Following the first day of trial, defendant met the child at a public library.

In April 2025, the trial court issued its decision, determining that the child had an established custodial environment with plaintiff and ordering that plaintiff have primary physical custody. Further, the trial court granted plaintiff primary legal custody of the child because of the distance between the parties' and their likely inability to cooperate about decisions for the child. As to parenting time, the trial court ordered that defendant immediately have three video visits with the child each week. After those three weeks, defendant would have alternate-weekend parenting time for six hours each on Saturday and Sunday, either at defendant's parents' home in Illinois or at a mutually agreed-upon location approximately halfway between plaintiff's and defendant's homes. Each party would be responsible for their own expenses for the visits. After those two months of visits, defendant would have parenting time on alternating weekends from 4:00 p.m. on Saturday through noon on Sunday. These visits would occur at defendant's parents' home or another mutually agreed-upon location approximately halfway between the parties' homes. The parties would be responsible for their own costs for these visits. This schedule would last for two months, after which defendant would have one week of parenting time each month.[1] Defendant would be responsible for the arrangements and costs of getting the child to his parenting time, and plaintiff would be responsible for the costs of returning the child to her care. When the child turned four years old, the parties would follow the Cass County Friend of the Court Parenting Time Guideline for long-distance parenting time.

Next, the trial court addressed defendant's request to change the child's name. The trial court did not find that plaintiff acted with animus when giving the child his first and middle name, but "[t]he same [could] not be said of the plaintiff giving the minor child her maiden name as his last name." The trial court found that plaintiff acted with anger or vengeance and determined that the child's last name would be changed to defendant's last name.

Plaintiff moved for reconsideration, which the trial court denied. Plaintiff and defendant now each appeal the trial court's decision.

## II. PRESERVATION AND STANDARDS OF REVIEW

Because these issues were thoroughly raised and decided in the trial court, they are preserved for appellate review. See *Kuebler v Kuebler*, 346 Mich App 633, 652 n 9; 13 NW3d 339 (2023). Our Supreme Court has explained as follows:

> Under MCL 722.28 of the Child Custody Act, MCL 722.21 *et seq.*, to expedite the resolution of a child custody dispute by prompt and final adjudication, all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue. MCL 722.28

---

[1] The trial court determined that it was in the child's best interests to award defendant temporary primary legal custody during the time that he exercised his parenting time in Texas.

incorporates three standards of review into the act: (1) a reviewing court should not substitute its judgment on questions of fact unless the factual determination clearly preponderates in the opposite direction; (2) an abuse of discretion occurs if the result is so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias; and (3) clear legal error exists when a court incorrectly chooses, interprets, or applies the law. [*Sabatine v Sabatine*, 513 Mich 276, 284; 15 NW3d 204 (2024) (quotation marks and citations omitted).]

"We defer to the special ability of the trial court to judge the credibility of witnesses." *Cassidy v Cassidy*, 318 Mich App 463, 476; 899 NW2d 65 (2017) (quotation marks and citation omitted).

### III. PLAINTIFF'S ISSUES ON APPEAL

On appeal, plaintiff argues that the trial court erred by: (1) awarding substantial parenting time to defendant, and (2) changing the child's last name. We disagree with plaintiff's first argument, but we agree with her second argument.

### A. ESTABLISHED CUSTODIAL ENVIRONMENT AND PARENTING TIME

First, plaintiff argues that the trial court erred by modifying the child's established custodial environment when awarding defendant substantial parenting time because defendant failed to establish that a modification of the child's custodial environment was in the child's best interests.

In all custody disputes, the trial court must consider the child's best interests. See *Eldred v Ziny*, 246 Mich App 142, 150; 631 NW2d 748 (2001). A trial court may not modify a child's established custodial environment unless there is clear and convincing evidence that the change is in that child's best interests. MCL 722.27(1)(c). Accordingly, the trial court must make a specific finding regarding the existence of an established custodial environment. *Jack v Jack*, 239 Mich App 668, 670; 610 NW2d 231 (2000). An established custodial environment exists "if over an appreciable time[,] the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort." MCL 722.27(1)(c). "A custodial environment can be established as a result of a temporary custody order, in violation of a custody order, or in the absence of a custody order." *Berger v Berger*, 277 Mich App 700, 707; 747 NW2d 336 (2008). A child may have a custodial environment with both parents. *Id*.

Not every change to parenting time modifies a child's established custodial environment. See *Marik v Marik*, 325 Mich App 353, 361; 925 NW2d 885 (2018). If a parenting-time modification "will not change whom the child naturally looks to for guidance, discipline, the necessities of life, and parental comfort, then the established custodial environment will not have changed." *Pierron v Pierron*, 486 Mich 81, 86; 782 NW2d 480 (2010). When a proposed change would modify an established custodial environment, the proponent must demonstrate by clear and convincing evidence that the change is in the child's best interests. *Id*. at 92. On the other hand, when a proposed change would not alter the established custodial environment, the proponent need only demonstrate by a preponderance of the evidence that the change is in the child's best interests. *Id*. at 93. The trial court must consider all the best-interest factors of MCL 722.23; however, if the

proposed change will not modify the established custodial environment, then the trial court need not make substantive findings about any factor that is not relevant to the immediate issue. *Id*. at 91. Further, the trial court is not required to comment on every piece of evidence or argument. See *Baker v Baker*, 411 Mich 567, 583; 309 NW2d 532 (1981).

In this case, the trial court properly found that the child had an established custodial environment with plaintiff and did not err by awarding defendant increasing amounts of parenting time. First, the parenting time that the trial court awarded is very similar to the plan that plaintiff proposed during the trial, progressing from video visits to increasing overnight visits, although plaintiff has consistently requested that initial visits be supervised.

Regardless, the trial court's order did not modify the child's established custodial environment with plaintiff. The record amply supports the trial court's finding that the child's established custodial environment was with plaintiff when the child had solely been in plaintiff's care for the entire first year of his life. Under the trial court's order, the child will remain with plaintiff most of the time and continue to look to her for guidance, discipline, the necessities of life, and parental comfort. See *Pierron*, 486 Mich at 86. The trial court implemented a detailed, progressive parenting-time schedule, clearly considering the child's best interests.

This, of course, reduces plaintiff's parenting time. As defendant argues, however, even when the child visits defendant for a week at a time, the child will remain with plaintiff 75% of the time. Although the determination whether a modification alters an established custodial environment is not a strictly mathematical formulation, there is no indication in this case that defendant's parenting time will, from the child's perspective, change how he looks to plaintiff for his needs. See *Sabatine*, 513 Mich at 295. Plaintiff relies, in part, on *Lieberman v Orr*, 319 Mich App 68, 89-90; 900 NW2d 130 (2017), in which this Court explained that a significant reduction in parenting time modifies a child's established custodial environment. In *Sabatine*, however, our Michigan Supreme Court noted that, although it was not overruling *Lieberman*, the Court encouraged "caution" about "plac[ing] too much emphasis on the number of overnights a child spends with each parent." *Sabatine*, 513 Mich at 293 n 5. Although a child's physical environment and number of overnights with a parent is important for the determination, the trial court is "typically in the best position to analyze the factual complexities of child-custody cases." *Id*. at 293.

In this case, the parenting time awarded to defendant will not affect how the child looks to plaintiff for guidance, discipline, the necessities of life, and parental comfort. Accordingly, the trial court did not improperly modify the child's established custodial environment with plaintiff. See *Pierron*, 486 Mich at 86.

Further, the trial court did not err by awarding defendant parenting time. Under MCL 722.27a(1), a trial court shall grant parenting time that is in the child's best interests and there exists a presumption that it is in a child's best interests to have a strong relationship with both parents. A trial court generally must order parenting time "in a frequency, duration, and type reasonably calculated to promote a strong relationship between the child and the parent granted parenting time." MCL 722.27a(1). MCL 722.27a(7) provides factors that the trial court *may* consider when determining parenting time. Although a child's best interests control parenting-

time decisions, a trial court is not required to consider each factor provided for in MCL 722.23 or MCL 722.27a. See *Shade v Wright*, 291 Mich App 17, 31-32; 805 NW2d 1 (2010).

The trial court thoroughly reviewed this case and considered the child's best interests. The trial court noted the "special concerns and considerations" of the case, including the child's limited time with defendant and the distance between the parties. Further, the trial court acknowledged the child's age as well as the potential for separation anxiety because the child had not spent much time with defendant. Accordingly, without citing MCL 722.27a(7)(a), the trial court considered "any special circumstances or needs of the child." Further, although the trial court did not explicitly address the risk of abuse during parenting time, pursuant to MCL 722.27a(7)(c), the trial court found that defendant was a capable parent. Similarly, although the trial court did not cite MCL 722.27a(7)(e), it clearly considered the travel necessary for visits balanced with what was necessary to facilitate the child's relationship with both parents. The trial court also noted that defendant could have made more effort to visit the child, although the trial court acknowledged the distance that defendant needed to travel. MCL 722.27a(7)(f) considers whether a parent is likely to exercise parenting time, and MCL 722.27a(7)(g) addresses whether a parent has consistently failed to exercise parenting time. There had been no parenting-time order in place before this, but the trial court considered the barriers to visits and the parties' actions related to defendant's contact with the child. Accordingly, the trial court properly considered relevant factors when determining defendant's parenting time.

Plaintiff asserts that defendant failed to rebut her expert testimony about the impact that separation from plaintiff would have on the child. The trial court's decision, however, specifically addressed the child's limited relationship with defendant and the potential for separation anxiety. Moreover, the trial court's parenting-time schedule begins with video visits, before progressing to daytime visits, followed by overnight visits, and ultimately resulting in longer term parenting time. The trial court, when determining custody, addressed each best-interest factor under MCL 722.23, and when specifically addressing parenting time, found that it was in the child's best interests for both parties to make sacrifices to support the child's relationship with defendant. Therefore, the trial court properly considered the record evidence and did not err when ordering this parenting-time schedule.[2]

## B. NAME CHANGE

Next, plaintiff argues that the trial court erred by granting defendant's request to change the child's surname without considering his best interests. We review a trial court's decision regarding a name change for an abuse of discretion. See *Rappleye v Rappleye*, 183 Mich App 396, 399; 454 NW2d 231 (1990). "[P]arental disputes regarding a child's surname should be resolved in accordance with the best interests of the child." *Garling v Spiering*, 203 Mich App 1, 4; 512 NW2d 12 (1993). "The surname of the child must be registered as designated by the child's

---

[2] At oral argument, counsel for plaintiff challenged the Cass County Friend of the Court Parenting Time Guidelines that will apply when the child is four years old. Plaintiff failed to sufficiently brief this issue or provide this Court with the applicable parenting-time guidelines. Nonetheless, either parent may file a motion to change parenting time if there exists a change of circumstances or proper cause at that time. *Shade*, 291 Mich App at 22-31.

parents." MCL 333.2824(1). There is no legal requirement that a child be given the surname that the parties used during marriage or that one parent has a superior right to decide the child's initial surname. *Garling*, 203 Mich App at 2-3.

In this case, the trial court abused its discretion by ordering the child's surname be changed without determining that it was in the child's best interests. See *Rappleye*, 183 Mich App at 399. As defendant argues, the trial court thoroughly considered the child's best interests earlier in its decision as it related to custody. Further, after stating its decision that the child's last name would change, the trial court cited cases that refer to best interests. See, e.g., *In re Warshefski*, 331 Mich App 83, 94-95; 951 NW2d 90 (2020). The trial court, however, focused on plaintiff's motivation when naming the child, rather than on the child's best interests specifically in regard to his name. As defendant notes, one best-interest factor, MCL 722.23(j), addresses the willingness of a parent to facilitate the child's relationship with the other parent. Although plaintiff's motivation when naming the child may have been relevant to her willingness to facilitate the child's relationship with defendant, the trial court did not explain if it found that the name change was in the child's best interests. Accordingly, on remand, the trial court must address the child's best interests specifically as to his name. See *Garling*, 203 Mich App at 4.

## IV. DEFENDANT'S CROSS-APPEAL

On cross-appeal, defendant argues that the trial court erred by failing to award joint legal custody and physical custody and by apportioning most of the travel burden on defendant. We disagree.

## A. JOINT LEGAL CUSTODY

First, defendant argues that the trial court erred by not awarding joint legal custody. Plaintiff disagrees and argues that "[i]f the trial court erred with respect to legal custody, it was in granting *any* legal custody to [defendant] . . . ." We conclude that the trial court did not err by not awarding joint legal custody, but the trial court did err in awarding sole legal custody to both parties at alternating times.

Joint legal custody means that parents share decision-making authority for the important decisions affecting the child's welfare. *Lieberman*, 319 Mich App at 80; MCL 722.26a(7)(b). MCL 722.26a(1) provides that, if a parent requests joint custody, the trial court shall consider the request. In addition to considering the child's best interests under MCL 722.23, the trial court is to consider "[w]hether the parents will be able to cooperate and generally agree concerning important decisions affecting the welfare of the child." MCL 722.26a(1)(a) and (b). To share joint legal custody, "parents must be able to agree with each other on basic issues in child rearing—including health care, religion, education, day to day decision-making and discipline—and they must be willing to cooperate with each other in joint decision-making." *Bofysil v Bofysil*, 332 Mich App 232, 249; 956 NW2d 544 (2020) (quotation marks and citation omitted). Further, if two equally capable parents are unable to cooperate regarding important decisions that involve the welfare of their children, the trial court must determine which parent will have sole legal custody. *Id*.

When determining legal custody in this case, the trial court properly considered the child's best interests and the parties' ability to cooperate in joint decision-making. See MCL 722.26a(1). The trial court addressed the best-interest factors and then explained that joint legal custody was not feasible, in part, because of the distance between the parties. The trial court also found that it could not "expect that the parties could agree or cooperate on important decisions concerning the welfare of the child . . . ." Further, the trial court noted that the parties had not been communicating with each other. The record demonstrates that at the time of trial in September 2024, the child had been solely in plaintiff's care for his entire life. Plaintiff testified about certain topics that the parties had differing opinions on, including education. When the trial court questioned defendant about how he and plaintiff would resolve a disagreement about, for example, preschool, defendant mentioned that he usually gave in to plaintiff and that preschool was not a battle he would choose to fight, but he did not explain how he would resolve disagreements. The parties could not, until they were present for the first day of trial, even agree to a single meeting between defendant and the child. Therefore, the trial court did not err by finding that these parties could not work together to make decisions regarding the child's welfare. See *Kuebler*, 346 Mich App at 693; *Bofysil*, 332 Mich App at 249.

Confusingly, despite finding that the parties could not work together to make joint decisions regarding the child's welfare, the trial court granted each party sole legal custody when the child was in their care. The trial court explained that although plaintiff was to have primary legal custody, defendant was also to have primary legal custody when exercising his parenting time in Texas. The trial court abused its discretion by granting each party sole legal custody at alternating times. See *Bofysil*, 332 Mich App at 249 ("If two equally capable parents whose marriage relationship has irreconcilably broken down are unable to cooperate and to agree generally concerning important decisions affecting the welfare of their children, *the court has no alternative but to determine which parent shall have sole custody of the children*") (emphasis added; quotation marks and citation omitted). Defendant cites neither evidence nor any statute that permits changing legal custody between two parents based on parenting-time schedules, especially when the trial court finds that the parents cannot communicate with each other regarding important decisions affecting the child. See MCL 722.26a(1)(b). Accordingly, we vacate the trial court's order granting defendant primary legal custody during his respective parenting time in Texas.[3]

## B. PHYSICAL CUSTODY

Defendant further argues that the trial court erred by failing to continue his increase in parenting time to reach 50/50 physical custody. We disagree.

As noted earlier, the trial court did not err by finding that the child solely had an established custodial environment with plaintiff. Defendant acknowledges that he could not "prevail on some of the best interest factors," which he attributes to plaintiff keeping the child from him. Specifically, defendant challenges the trial court's determination under MCL 722.23(j) of the best-interest factors, which addresses each parent's willingness and ability to facilitate a relationship

---

[3] On remand, the trial court should evaluate whether a power of attorney is required when the child is visiting defendant out of state.

between the child and other parent. In this case, the trial court found that Factor (j) did not favor either party, considering the parties' history of poor communication and "immature and manipulative" actions related to the video visits. "In custody cases, this Court will affirm the trial court's findings of fact unless the evidence clearly preponderates in the opposite direction." *Shann v Shann*, 293 Mich App 302, 305; 809 NW2d 435 (2011). There is nothing in this record establishing that the trial court erred by not favoring defendant under Factor (j). Plaintiff proposed some parenting time, even if defendant disagreed about whether the proposals were sufficient. Further, the trial court was in the better position to judge the credibility of defendant and plaintiff, who each testified at the bench trial. See *id*.

Because the trial court properly found that the child's established custodial environment was with plaintiff, defendant needed to prove by clear and convincing evidence that a modification of that environment was in the child's best interests. See *Pierron*, 486 Mich at 92. Beyond defendant's allegations that plaintiff kept the child from him and that the trial court erred by not weighing Factor (j) in his favor, defendant has failed to demonstrate how the trial court erred by finding that defendant did not meet the burden to modify the child's established custodial environment. The record supports the trial court's finding that defendant failed to go to Michigan to visit the child, even when defendant visited his family in Illinois, and that defendant was not flexible with the parenting time that plaintiff offered. Moreover, the trial court asserted that joint physical custody was not realistic considering the distance between the parties, and the record supports that finding. Even if defendant could otherwise demonstrate that a custody modification was in the child's best interests, it is unclear how the parties would share 50/50 custody. Therefore, the trial court did not err by failing to award 50/50 physical custody.

## C. TRANSPORTATION ARRANGEMENTS

Finally, defendant argues that the trial court erred by apportioning most of the travel burden on defendant. We disagree.

The trial court did not abuse its discretion when apportioning parenting-time costs. MCL 722.27a(9)(a) and (b) provide that the trial court may, in its parenting-time order, provide who is responsible for the transportation and cost of transportation for parenting time. The record demonstrates that although defendant will have to travel further for the Illinois visits, plaintiff will need to pay for lodging during those visits while defendant will not. Further, the parties have the discretion to meet halfway between their homes. It is true that plaintiff's income was indisputably higher than defendant's and that her living costs were lessened by her living with her parents. The trial court's decision was not, however, "so palpably and grossly violative of fact and logic that it evidence[d] a perversity of will, a defiance of judgment, or the exercise of passion or bias." *Berger*, 277 Mich App at 705. Accordingly, the trial court did not abuse its discretion.

## V. CONCLUSION

We affirm the trial court's determinations regarding physical custody, parenting time, and transportation arrangements. We vacate, however, the trial court's decision regarding the child's surname. On remand, the trial court should consider the child's best interests specifically in addressing defendant's request to change the child's surname. We also vacate that part of the trial court's order granting defendant sole legal custody while the child is in his care for parenting time

in Texas; on remand, the trial court should evaluate whether a power of attorney is required during defendant's out-of-state parenting time.  We do not retain jurisdiction.


/s/ Randy J. Wallace
/s/ Anica Letica
/s/ Kathleen A. Feeney